## E. S. Moore v. The State.

1. **Statement of Facts.** — By the Revised Code and Revised Statutes the courts are empowered, by order entered of record in term-time, to authorize a statement of facts to be made up, signed, and filed within ten days after the adjournment of the term. In computing the ten days, the day of the adjournment is to be excluded.

2. **Practice in the Court of Appeals.** — In misdemeanor cases this court will not, as a general rule, consider unassigned errors. This rule, however, does not apply to questions of jurisdiction, nor to matters which necessarily reach the foundation of the prosecution, — as, for instance, a fatal defect in the substance of an indictment.

3. **Indictment.** — If an indictment fails to allege, in plain and intelligible language, that the defendant "did" the acts constituting the offence, it is fatally defective in substance.

Appeal from the County Court of Wood. Tried below before the Hon. W. J. Jones, County Judge.

The indictment was for having a bar-room open on an election-day. The word "did" was not inserted in the charging clause, where it was necessary to the sense of the accusation, and to its imputation to the defendant.

*L. Z. Wright,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

Winkler, J. The law formerly required a statement of facts to be prepared during the term of court at which a trial was had; and the practice has been to disregard any thing purporting to be such, unless the transcript showed that it was prepared in term-time; and the fact appearing in the record that the statement of facts was prepared under an order of court in vacation, we take occasion to call attention to the law as it now is, on the subject.

By art. 784 of the Code of Criminal Procedure it is provided: "If a new trial be refused, a statement of facts may be drawn up and certified, and placed in the record, as in

civil suits. When the defendant has failed to move for a new trial, he is nevertheless entitled, if he appeals, to have a statement of the facts certified and sent up with the record." The law on the subject of preparing a statement of facts in civil suits is found in arts. 1377, 1378, and 1379 of the Revised Statutes. Art. 1379 is as follows : "The court may, by an order entered upon the record during the term, authorize the statement of facts to be made up and signed and filed in vacation, at any time not exceeding ten days after the adjournment of the term."

Now, whilst it appears that, when the trial of this case was had, the term commenced on September 1, 1879, and adjourned on the sixth day of the same month, and that the statement of facts was not prepared and filed until the sixteenth day of the month, yet we find in the record, in connection with the notice of appeal, the following : "And it is ordered by the court that the statement of facts in this cause may be made up and signed and filed in vacation, within ten days after the adjournment of the term." So that the statement of facts appears to have been prepared and filed, in the terms of the article above set out, within " ten days after the adjournment of the term," exclusive of the day of adjournment, and allowing the defendant the full benefit of ten days thereafter, — the law as above set out being in force at the time of the trial.

Other questions are raised by the record, the most important of which arose and were decided in *Haines* v. *The State*, decided at the present term. There is, however, a substantial defect in the indictment, and one which goes to the foundation of the prosecution. The indictment does not, in plain and intelligible language, charge that the defendant *did* the things which constitute the offence. *Ewing* v. *The State*, 1 Texas Ct. App. 362, and authorities there cited. As a general rule, in misdemeanors this court will not consider errors not assigned. *Booker* v. *The State*, 3 Texas Ct. App. 227. This rule, however, does not apply

to a question of jurisdiction, or to matters that necessarily go to the foundation of the prosecution, such as, in the present case, a substantial defect in an indictment; and for which the judgment must be reversed and the prosecution dismissed.

*Reversed and dismissed.*